UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

| | |
|---|---|
| In Re: | Chapter 7 |
| Diamond Finance Co., Inc., | Case No. 820-71877-A736 |
| Debtor. | |

------------------------------------------------------------X

| | |
|---|---|
| Marc A. Pergament, Chapter 7 Trustee of the Estate of Diamond Finance Co., Inc., | Adv. Proc. No. 820-_____-A736 |
| Plaintiff, | Complaint |
| - against - | |
| Lawrence Scott Events, Ltd. d/b/a Lawrence Scott Caterers, | |
| Defendant. | |

------------------------------------------------------------X

Marc A. Pergament, Chapter 7 Trustee ("Trustee" or "Plaintiff") of the Estate of Diamond Finance Co., Inc. ("Debtor"), by his attorneys, Weinberg, Gross & Pergament LLP, as and for his Complaint herein, respectfully alleges and represents to this Court as follows:

1. This action arises under 11 U.S.C. §§ 541, 544, 548 and 550, Rules 6009 and 7001 of the Federal Rules of Bankruptcy Procedure and § 270 et seq. of the New York Debtor and Creditor Law ("DCL").

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334 as this action arose in and under the Debtor's pending Chapter 7 case.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1409(a).

4. This complaint is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

5. This is an action for money damages and for the avoidance and recovery of a fraudulent transfer of the Debtor's property.

## THE PARTIES

6. Plaintiff is the Chapter 7 Trustee of the Debtor's Estate.

7. Upon information and belief, at all relevant times herein, Defendant Lawrence Scott Events, Ltd. d/b/a Lawrence Scott Caterers ("Defendant") was and is a New York corporation maintaining a place of business at 35 Bethpage Road, Hicksville, New York 11801.

## BACKGROUND

8. On or about April 14, 2020, an involuntary petition under Chapter 7 of the Bankruptcy Code was filed against the Debtor.

9. On or about May 20, 2020, an Order for relief was entered.

10. On or about May 20, 2020, Plaintiff became Interim Trustee and subsequently qualified as the permanent Trustee.

11. Upon information and belief, on or about October 19, 2018, the Debtor transferred the sum of $50,000.00 to Defendant ("Transfer").

12. Upon information and belief, the Transfer was made in connection with the wedding of the daughter of the Debtor's President and sole shareholder.

13. By letter dated August 20, 2020, the Trustee demanded the return of the Transfer.

14. Defendant has failed and refused to return the Transfer.

15. Upon information and belief, the Debtor was insolvent when it made the Transfer or became insolvent as a result of making the Transfer.

16. Upon information and belief, the Debtor received nothing of value in exchange for the Transfer.

17. Upon information and belief, on the date of the Transfer, there were actual existing unsecured creditors holding claims allowable under 11 U.S.C. § 502 who could have avoided the Transfer, including Jerome Krantz Defined Benefit Plan, Robert Schlossberg Retirement Plan, JJAZ Inc. & Combine Distributing Profit Sharing Plan, Steven Camhi, Harvey Stevens, James Brettholz and others.

18. Upon information and belief, the Transfers diminished the assets of the Debtor's bankruptcy estate.

AS AND FOR A FIRST CLAIM FOR RELIEF
PURSUANT TO 11 U.S.C. § 548(a)(1)(B)(ii)(I)

19. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "18" of this Complaint as if more fully set forth at length herein.

20. Upon information and belief, the Transfer was made in exchange for less than reasonably equivalent value and while Debtor was insolvent or was made insolvent as a result thereof.

21. The Transfer is voidable as a fraudulent conveyance pursuant to 11 U.S.C. § 548(a)(1)(B)(ii)(I).

22. By virtue of the foregoing, under 11 U.S.C. §§ 544(b) and 550(a), Plaintiff is entitled to a judgment avoiding the Transfer and awarding Plaintiff damages in a sum of not less than $50,000.00, representing the total amount of payments that Debtor made to Defendant during the two (2) years immediately preceding the Petition Date.

## AS AND FOR A SECOND CLAIM FOR RELIEF
PURSUANT TO 11 U.S.C. § 548(a)(1)(B)(ii)(II)

23. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "22" of this Complaint as if more fully set forth at length herein.

24. Upon information and belief, the Transfer was made in exchange for less than reasonably equivalent value and after the Transfer was made, the property remaining in Debtor's possession was an unreasonably small amount of capital.

25. The Transfer is voidable as a fraudulent conveyance pursuant to 11 U.S.C. § 548(a)(1)(B)(ii)(II).

26. By virtue of the foregoing, under 11 U.S.C. §§ 544(b) and 550(a), Plaintiff is entitled to a judgment avoiding the Transfer and awarding Plaintiff damages in a sum of not less than $50,000.00, representing the total amount of payments that Debtor made to Defendant during the two (2) years immediately preceding the Petition Date.

## AS AND FOR A THIRD CLAIM FOR RELIEF
PURSUANT TO 11 U.S.C. § 548(a)(1)(B)(ii)(III)

27. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "26" of this Complaint as if more fully set forth at length herein.

28. Upon information and belief, the Transfer was made in exchange for less than reasonably equivalent value and while Debtor intended to incur or should have known that it would incur debts beyond its ability to pay as such debts matured.

29. The Transfer is voidable as a fraudulent conveyance pursuant to 11 U.S.C. § 548(a)(1)(B)(ii)(III).

30. By virtue of the foregoing, under 11 U.S.C. §§ 544(b) and 550(a), Plaintiff is entitled to a judgment avoiding the Transfer and awarding Plaintiff damages in a sum of not less

than $50,000.00, representing the total amount of payments that Debtor made to Defendant during the two (2) years immediately preceding the Petition Date.

### AS AND FOR A FOURTH CLAIM FOR RELIEF PURSUANT TO DCL § 273

31. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "30" of this Complaint as if more fully set forth at length herein.

32. Upon information and belief, the Debtor was either insolvent at the time of the Transfer or was rendered insolvent thereby within the meaning of DCL § 271.

33. Upon information and belief, the Debtor did not receive fair consideration in exchange for the Transfer within the meaning of DCL § 272.

34. Upon information and belief, on the date of the Transfer, there were actual existing unsecured creditors holding claims allowable under 11 U.S.C. § 502 who could have avoided the Transfer under DCL § 273.

35. By virtue of the foregoing, under DCL §§ 273 and 278, Plaintiff is entitled to a judgment avoiding the Transfer and awarding Plaintiff damages in a sum of not less than $50,000.00, representing the total amount of payments that Debtor made to Defendant during the six (6) years immediately preceding the Petition Date.

### AS AND FOR A FIFTH CLAIM FOR RELIEF PURSUANT TO DCL § 275

36. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "35" of this Complaint as if more fully set forth at length herein.

37. Upon information and belief, the Debtor did not receive fair consideration in exchange for the Transfer within the meaning of DCL § 272.

38. Upon information and belief, on the date of the Transfer, the Debtor knew or should have known that it would incur debts beyond its ability to pay such debts as they matured.

39. Upon information and belief, Debtor's knowledge of such inability to pay such debts requires that the Transfer be a declared fraudulent conveyance under DCL § 275 as to both existing and future creditors.

40. By virtue of the foregoing, under DCL §§ 275 and 278, Plaintiff is entitled to a judgment avoiding the Transfer and awarding Plaintiff damages in a sum of not less than $50,000.00, representing the total amount of payments that Debtor made to Defendant during the six (6) years immediately preceding the Petition Date.

WHEREFORE, Plaintiff Marc A. Pergament, Chapter 7 Trustee of the Estate of Diamond Finance Co., Inc., respectfully requests that this Court enter judgment against Defendant Lawrence Scott Events, Ltd. d/b/a Lawrence Scott Caterers as follows:

    a.    as to the First Claim for Relief, Plaintiff is entitled to a judgment pursuant to 11 U.S.C. §§ 548(a)(1)(B)(ii)(I), 550 and 551: (a) declaring the Transfer was a fraudulent conveyance; and (b) avoiding the Transfer and awarding Plaintiff damages in the sum not less than of $50,000.00, plus interest from October 19, 2018:

    b.    as to the Second Claim for Relief, Plaintiff is entitled to a judgment pursuant to 11 U.S.C. §§ 548(a)(1)(B)(ii)(II), 550 and 551: (a) declaring the Transfer was a fraudulent conveyance; and (b) avoiding the Transfer and awarding Plaintiff damages in the sum not less than of $50,000.00, plus interest from October 19, 2018;

    c.    as to the Third Claim for Relief, Plaintiff is entitled to a judgment pursuant to 11 U.S.C. §§ 548(a)(1)(B)(ii)(III), 550 and 551: (a) declaring the Transfer was a fraudulent conveyance; and (b) avoiding the Transfer and awarding Plaintiff damages in the sum not less than of $50,000.00, plus interest from October 19, 2018;

    d.    as to the Fourth Claim for Relief, Plaintiff is entitled to a judgment pursuant to DCL §§ 273 and 278: (a) declaring the Transfer a fraudulent conveyance; and (b) avoiding the Transfer and awarding Plaintiff damages in the sum not less than of $50,000.00, plus interest from October 19, 2018;

  e.  as to the Fifth Claim for Relief, Plaintiff is entitled to a judgment pursuant to DCL §§ 275 and 278: (a) declaring the Transfer a fraudulent conveyance; and (b) avoiding the Transfer and awarding Plaintiff damages in the sum not less than of $50,000.00, plus interest from October 19, 2018;

  f.  plus costs and disbursements of this action; and

  g.  such other and further relief as this Court deems just and proper.

Dated: Garden City, New York
   September 9, 2020

            Weinberg, Gross & Pergament LLP
            Attorneys for Plaintiff Marc A. Pergament,
            Chapter 7 Trustee for the Estate of Diamond
            Finance Co., Inc.

       By: */s/ Marc J. Weingard*
            Marc J. Weingard
            400 Garden City Plaza, Suite 403
            Garden City, New York 11530
            (516) 877-2424